

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 5, 1947

Hon. John A. Romberg     Opinion No. V-369
County Attorney
Gonzales County        Re: Authority of county
Gonzales, Texas              school trustees to
                              rescind an order
                              calling an election
                              under Articles 2922a,
                              2922b and 2922c, V.C.S.

Dear Sir:

       We refer to your letter of August 25, 1947,
requesting our opinion as to whether the County School
Trustees of Gonzales County may rescind an order entered
on August 12, 1947, calling an election September 5,
1947, to determine whether or not Leesville Common School
District shall be annexed to Nixon Independent School Dis-
trict by the County School Trustees, all in conformance
with the provisions of Articles 2922a, 2922b, and 2922c,
V.C.S.

       Art. 2676, V.C.S., which vests the general
management and control of the public free schools and
high schools in each county in the county school trustees,
is referred to by the Court in Donie Independent School
District vs. Freestone Consolidated Common School District,
127 S. W. (2d) 205, as follows:

       "Necessarily, under the general language
    used in said article, the county school trus-
    tees of each county are vested with a large
    discretion in the exercise of the powers so
    conferred, and the courts will not ordinarily
    interfere with their exercise of the same un-
    less it is clearly shown that such discretion
    has been abused. 37 Tex. Jur. p. 895."

       We quote from an opinion of this office dated
May 20, 1936, addressed to Jess C. Leven, County Attorney,
Lubbock County, written by Joe J. Alsup, Assistant Attorney
General:

"That a county board of trustees has authority to group certain school districts into rural high school districts upon a vote of the people in cases where the territory involved embraces more than 100 square miles can not be disputed. The election itself, however, does not constitute a grouping but merely amounts to a petition on the part of the people that said grouping be had by the county board. As to whether or not such grouping will be had is still discretionary with the county school board."

The above opinion of this office refers to Board of Trustees vs. Woodrow Independent School District, 90 S. W. (2d) 333, and quotes from same as follows:

"The Board's action comports with the plainest principles of honesty and fair dealing. By statutes it is given <u>unbridled</u> power over the formation of rural <u>school dis-</u> tricts." (Underlining in opinion)

These and other expressions referring to the discretion of the county school trustees in forming rural high school districts indicate that the determination that such a district should exist rests solely with these trustees. Gibson v. Couch, 153 S. W. (2) 288. The plain import of all cases relating to county school trustees is that their discretion is broad in this matter and that their judgment is not to be assailed by mandamus or other writs to compel them to act unless there has been a plain abuse of discretion, fraud, undue influence or the like. Since they are vested with the discretionary authority to order the election to test the sentiments of the electors of the district and once a favorable vote is received, it still remains with them to decide whether a district shall be formed, it follows that an order calling an election may be rescinded.

We are therefore of the opinion that the County School Trustees of Gonzales County may revoke their order calling an election on September 5, 1947, basing their order of revocation upon their judgment that necessity for the election no longer exists.

## SUMMARY

County school trustees may revoke an order calling an election to annex a common school district to an independent school district if in their discretion necessity for the election no longer exists.  Art. 2922c, V. C. S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

James T. Bryan
Assistant

JTB/lh

APPROVED:

ATTORNEY GENERAL